OPINION
Defendant-appellant Mark J. Carter appeals his convictions and sentences in the Licking County Municipal Court on one count of failure to control, in violation of R.C. 4511.20.2, and driving under the influence of alcohol, in violation of R.C.4511.19(A)(1), as well as the February 24, 1998 Judgment Entry denying his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On August 17, 1997, appellant was arrested and subsequently charged with operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1); operating a vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3); and failure to control, in violation of R.C. 4511.20.2. At his arraignment on August 20, 1997, appellant entered pleas of not guilty to the charges.
The trial court scheduled a trial for October 14, 1997. On September 22, 1997, appellant filed a Motion to Suppress. The trial court conducted an oral hearing on the motion on October 14, 1997.
Via Judgment Entry dated February 24, 1998, the trial court denied all aspects of appellant's motion. Via letter dated February 25, 1998, the trial court notified counsel for the parties as to the reason for its delay in ruling on the motion. The trial court explained the delay was due to the fact the transcript of the suppression hearing had been "lost, misplaced or taped over." Subsequently, on March 11, 1998, appellant requested the trial court conduct a new suppression hearing in light of the fact five months had expired since the October hearing. Via Judgment Entry dated March 19, 1998, the trial court summarily denied appellant's request and scheduled a trial for the following day.
On the day of trial, appellant filed a motion to dismiss alleging a violation of his speedy trial rights. Via Judgment Entry dated March 20, 1998, the trial court summarily denied this motion. Thereafter, appellant entered pleas of no contest to operating a vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and failure to control, in violation of R.C. 4511.20.2. Appellant did not change his plea relative to the operating a vehicle with a prohibited concentration of alcohol on his breath, in violation of R.C.4511.19(A)(3). The trial court did not dispose of this charge.
Appellant filed a timely notice of appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL, IN VIOLATION OF R.C. 2945.71.
 II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO CONDUCT A NEW SUPPRESSION HEARING.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE STATE HAD SUBSTANTIALLY COMPLIED WITH THE REGULATIONS RELATING TO THE CALIBRATION OF THE BAC DATAMASTER.
We cannot reach the merits appellant's arguments at this time. Appellant's charge under R.C. 4511.19(A)(3) remains pending. Because the trial court has failed to dispose of all the charges, the order appealed from is not yet a final appealable order. See, R.C. 2505.02.
Accordingly, we must dismiss this case for lack of jurisdiction.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is ordered dismissed. Costs assessed to appellant.